Arturo Rodríguez Pou, substituted by Chester G. Mercury, Plaintiff and Appellee, v. Enrique Martínez, Jr., Defendant and Appellant.

No. 9665. Argued January 26, 1947.—Decided March 19, 1948.

418

*Juan B. Soto* and *Juan F. Soto* for appellant. *Víctor A. Coll* for appellee.

Mr. Justice de Jesús delivered the opinion of the Court.

Arturo Rodríguez Pou obtained judgment against Enrique Martínez, Jr., for $1,500 for damages plus costs and $250 for attorney's fees, which judgment became final on June 8, 1939. *Rodríguez v. Martínez, Jr.*, 55 P.R.R. 56. It was not paid and the appellee on June 2, 1947 filed this suit in the lower court to recover it. In his answer Martínez, Jr., accepted that judgment had been rendered against

him and that it had been affirmed by this Court on June 8, 1939. He denied, however, that he had not paid it in whole or in part and that from April 12, 1938, the date of its rendition, interest had accrued at nine per cent annually on the sum of $1,750 ($1,500 of principal and $250 of fees) which amounts to $3,167.50 including principal and interest.

As a matter of defense he alleged: (a) that the complaint does not state facts sufficient to constitute a cause of action; and (b) that the action was barred pursuant to paragraph 2 of § 1868 of the Civil Code, in connection with §§ 1802 and 1871 of said Code. He grounded this allegation on the fact that since it is an action on a judgment for damages arising out of fault or negligence, the period of prescription is one year under § 1868 and that the complaint in this case was filed nine years after the judgment had become *firme*, that is to say, was not subject to review. On September 8, 1947 the appellee submitted the following interrogatory to appellant:

"Tell me whether you have paid to the plaintiff Arturo Rodríguez Pou or his representative, in part or in whole, the amount of $1,500 or any other amount of money resulting from the judgment rendered in Civil case No. 27,896 of the District Court of San Juan on April 12, 1938, and if you have paid it, tell me when, the amount, the manner and to what person or persons you have paid it?"

The question was answered thus:

"That he has not paid to Arturo Rodríguez Pou or his representative, in part or in whole, the amount of ONE THOUSAND FIVE. HUNDRED DOLLARS ($1,500) or any other sum resulting from the judgment rendered in civil case No. 27,896 of the District Court of San Juan, on April 12, 1938."

Based on the pleadings and the answer to the interrogatory, the court, on motion of appellee, rendered the judgment from which this appeal is taken.

The appellee moved this Court to dismiss the appeal for frivolous. The appellant objects.

420

It seems clear that the essential averments of the complaint have been admitted by the answer to the complaint and by the answer to the interrogatory. We have only to determine whether the complaint adduces facts sufficient to constitute a cause of action and if at the time of its filing, the action to recover the judgment was barred by the statute of limitations.

As we have seen it is alleged in the complaint that the appellee obtained judgment against appellant for a certain amount of money which has not been paid in whole or in part. These facts constitute a cause of action. When the judgment for damages became *firme* the action for damages was wiped out giving rise *ipso facto,* to the relationship of judgment creditor and debtor between the parties. *Rosario v. Ruiz,* 62 P.R.R. 310, 315, footnote 2. Judgment of the Supreme Court of Spain of December 15, 1908, 112 *Jur. Civil* 974. It is to recover this judgment that the present suit was filed. Since this is a personal action which has no definite period for its filing, it does not prescribe pursuant to § 1864 of the Civil Code until fifteen years after June 8, 1939, on which date the judgment became final. Section 1871 of the Civil Code. *Valiente v. Buxó, ante,* p. 123. Judgment of the Supreme Court of Spain of December 15, 1908, *supra.*

Appellant's contention to the effect that the two defenses above mentioned were not disposed of before final judgment was rendered, is untenable. Precisely the motion praying for judgment on the pleadings, tested the sufficiency of the complaint, of the answer and of the plea of prescription inasmuch as, with respect to the latter, the date on which the judgment became *firme* appeared on the face of the complaint. It seems clear that if the court had shared the view that the complaint did not adduce facts or that the action had prescribed—since this defense was not waived in this case—it would not have rendered the judgment on the

pleadings. By doing so, the two defenses set up by appellant were impliedly decided.

■ For the first time in his brief before this Court appellant alleged that the judgment for damages was void because at the time of filing the complaint for damages the defendant was a minor and although he appeared represented by his father with *patria potestas*, the court did not appoint a guardian *ad litem* pursuant to § 56 of Code of Civil Procedure.

This question calls for a brief summary of the averments of the complaint filed in the action for damages. The claim for damages flowed from negligence in driving an automobile. Appellant's father was joined in the suit against him, as surety, because when appellant applied for the license to drive motor vehicles he was over sixteen years of age but under eighteen and in order to obtain it, his father had to furnish, as he did furnish, a bond pursuant to § 5c of Act No. 75 of April 13, 1916.[1] But since at the time the accident took place the minor was over eighteen years of age, the father alleged that the bond had lapsed, inasmuch as after the minor had reached the age of eighteen years he had no need of such a bond in order to drive motor vehicles. Such was the ruling in *Rodríguez* v. *Martínez, Jr., supra*.[2] It will

---

[1] Section 5c of said Act provides:

"No such license shall be issued to a person less than sixteen years of age. A license may be issued to a person between sixteen and eighteen years of age to drive his own machine or that belonging to the person under whose *patria potestas* he may be; *Provided,* That these persons shall file a consent in writing with the Commissioner of the Interior making them responsible for all fines that may be imposed on the driver for any violations of this Act, and for all damages he may cause. Except as herein provided no license shall be issued to any person under eighteen years of age."

[2] In the opinion rendered in said case it was stated that neither from the face of the complaint nor from the evidence did it appear that at the time of the accident the minor Enrique Martínez lived with his father; and that the liability alleged in Enrique Martínez (senior) was not based on § 1803 of the Civil Code, which makes the father, and in case of death or incapacity of the latter the mother, liable for the damages caused by the minor children living with them.

be readily seen that the father had no interest adverse to his son. Section 160 of the Civil Code.[3] It is true that pursuant to § 56 of the Code of Civil Procedure [4] the guardian may also be appointed in any case when "it is deemed by the court . . . expedient to represent the infant, insane, or incompetent person." *Biaggi* v. *District Court, ante,* p. 378. But in the present case the court did not deem it expedient to appoint him nor did it have any reason to doubt that the father was competent to represent his son.

 Appellant complains that the father did not introduce any evidence to avert the judgment against his son; but he was not bound to offer such evidence if as a matter of fact he did not have it. In any event, appellant has not shown that any matter of defense could have been proved or that his father, through malice or negligence, failed to present it. Cf. *Díaz* v. *Quiñones, ante,* p. 232.

 It is to be noted, however, that there is an error not assigned by appellant in the computation of the interest running from the date of judgment. *Ex parte Franceschi,* 53 P.R.R. 72. Appellee is entitled only to legal interest. The rate of the legal interest is six per cent and not nine per cent as claimed by appellee and erroneously granted by the court. Were it not for this error the appeal would have been frivolous.

---

[3] Section 160 of the Civil Code, in its pertinent part, provides:

"Whenever, in any matter, the father or mother have interests opposed to those of their unemancipated children, the district court shall appoint for the latter a person to defend their interests, who shall represent them in or out of court."

[4] Section 56 of the Code of Civil Procedure provides:

"When an infant or an insane or incompetent person is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the action is pending, in each case, or by a judge thereof. A guardian ad litem may be appointed in any case, when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant, insane or incompetent person in the action or proceeding, notwithstanding he may have a general guardian, and may have appeared by him."

██ While we were drafting this opinion, appellant filed a motion seeking to be heard on the merits of the case. At the hearing of the motion for dismissal both parties argued at length on the merits of the case and nothing new could be brought up at the hearing sought that has not already been argued orally and in their briefs before us. Since we are convinced that apart from the error committed as to the computation of the interest, the appeal is frivolous, it would serve no useful purpose to hold a new hearing or to put off the decision of this case for a later date if ultimately the judgment should be affirmed but modifying it as to the rate of interest. We are of the opinion that the ends of justice would be better served by rendering at once judgment on the merits with the aforesaid modification.

For the reasons stated, judgment is modified in the sense of computing interest at the rate of six per cent annually on $1,750. As thus modified it shall be affirmed.